|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| SANDRA RITENBURGH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK COUNTY JAIL; CLARK COUNTY<br>SHERIFF'S OFFICE; CLARK COUNTY;<br>NAPHCARE INC.; JOHN AND JANE<br>DOES 1-20,<br><br>　　　　　　　Defendant. | Case No. 3:24-cv-05185-TMC<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL |

## I. INTRODUCTION AND PROCEDURAL HISTORY

This case arises from the arrest of Plaintiff Sandra Ritenburgh on December 19, 2020 and her incarceration at the Clark County Jail for two days after her arrest. Dkt. 31 ¶ 2. Ms. Ritenburgh alleges that she was wrongfully arrested after having been the victim of a domestic violence assault, and that she was denied food and adequate medical care while in jail. *See generally* Dkt. 31.

This motion arises from discovery disputes between Ritenburgh and Defendant NaphCare, the contracted medical provider for the Clark County Jail at the time of Ritenburgh's

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 1

incarceration. On June 24, 2025, the Court held a discovery hearing pursuant to this judge's chambers procedures. Dkt. 47, 48. The Court ordered that (1) NaphCare must supplement its production of forms referenced in the NaphCare Policy & Procedure Manual no later than July 2, 2025; (2) Plaintiff could submit a new request for production for the TechCare User Manual, and, if NaphCare objected to production, Plaintiff was granted leave to file a motion to compel; (3) NaphCare must produce training materials within a week of receiving Plaintiff's request based on the list of trainings NaphCare previously provided; and (4) the parties must confer further on production of NaphCare's financial records, given the Court's guidance that it was inclined to compel production of financial records in line with previous discovery orders from this district. *See Tapia v. NaphCare Inc.*, No. C22-1141-KKE, 2024 WL 184256, at *6 (W.D. Wash. Jan. 17, 2024), reconsideration denied, 2024 WL 1209734 (W.D. Wash. Mar. 21, 2024); *Ortiz v. Pierce Cnty.*, No. 3:22-cv-05947-JLR-TLF, 2024 WL 4605242, at *4 (W.D. Wash. Oct. 29, 2024). Dkt. 48.

On July 24, 2025, Plaintiff moved to compel. Dkt. 54. Plaintiff has moved to compel production of the TechCare User Manual and argues that NaphCare has failed to produce the materials required by the Court's earlier order. *See* Dkt. 54 at 3–5. The briefing is complete, and the Court held a hearing on August 27, 2025. *See* Dkt. 61, 62, 74, 77, 78.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Whether discovery is proportional is determined "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 2

likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Under Rule 26(c)(1)(G), the Court may for good cause issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Philips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

If a party fails to produce documents in response to a request for production made under Rule 34, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1), 37(a)(3)(B)(iv). Under this rule, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). If the court grants the motion to compel, "or if the disclosure or requested discovery is provided after the motion was filed," the court must, "after giving an opportunity to be heard," require the party and/or attorney whose conduct necessitated the motion "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). If the motion is granted in part and denied in part, "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Expenses must not be awarded if the movant filed the motion without attempting in good faith to obtain the discovery without court action, if the opposing party's response or objection was substantially justified, or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Similarly, if a party fails to obey a discovery order, the Court "may issue further just orders," including those listed in Rule 37(b)(2)(A) and (C). Fed. R. Civ. P. 37(b)(2).

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 3

## III. DISCUSSION

The Court will address each remaining discovery dispute in turn. Because the parties are familiar with the arguments made in their briefs, the Court does not recount the details of each argument.

**A.    Documents the Court previously ordered NaphCare to produce**

*1.    Policy manual forms*

At the August 27, 2025 hearing, counsel for Ritenburgh represented that at least one form referenced in the NaphCare Policy & Procedure Manual, which counsel described as the "policy and procedure sheet," has not been produced. The other outstanding forms were produced after this motion was filed. The Court ORDERS NaphCare to confirm with Plaintiff's counsel no later than Tuesday, September 2, 2025, that the outstanding form has been produced. Counsel must confer by telephone or videoconference before that deadline if there is confusion over what form Plaintiff's counsel is describing.

*2.    Training Materials*

At the June 24, 2025 hearing, it was not made clear to the Court by NaphCare that the list of available trainings produced to Plaintiff was limited to the year 2020. The Court agrees with Plaintiff that a somewhat broader scope is relevant and proportional to the needs of the case. Although NaphCare was not the contracted medical provider for Clark County until 2020, some of the NaphCare employees who were responsible for Ritenburgh's medical care worked for the company before that time. The type of training they received (or could have, but did not, receive) from NaphCare in the years leading up to Ritenburgh's incarceration is therefore discoverable. The Court ORDERS NaphCare to provide Plaintiff's counsel an updated list of trainings available to the NaphCare employees who interacted with Ritenburgh for the years 2016–2019. NaphCare must provide this list no later than Tuesday, September 2, 2025. Plaintiff's counsel

must identify the trainings for which they request the materials no later than Wednesday, September 3, 2025. NaphCare must provide those materials no later than Monday, September 8, 2025.

### 3. *Financial information*

At the August 27, 2025 hearing, the Court discussed with counsel what financial records NaphCare has produced. Those records include but are not limited to documents regarding NaphCare's ownership structure, tax returns from 2020–2023 for the parent company, audited financial statements for 2020–2023, and profit and loss statements from the Clark County Jail contract for 2020–2023. Many if not all of these documents, however, were not produced until after Plaintiff moved to compel, despite the Court addressing this issue at the previous hearing. *See* Dkt. 48. As the Court explained on the record at the hearing, the existing production is relevant and proportional to the needs of the case, and the Court will not compel the additional production of documents.

But because Ritenburgh first requested NaphCare's financial records in September 2024, *see* Dkt. 54-2, and they were not produced until a few weeks before the discovery cutoff in August 2025, the Court will allow Plaintiff to take a deposition of NaphCare under Federal Rule of Civil Procedure 30(b)(6) even though the discovery period has ended. The scope of the deposition will be limited to NaphCare's financial condition and the documents produced regarding NaphCare's ownership structure and financial condition. Plaintiff must provide NaphCare a deposition notice identifying the specific topics for the deposition no later than Tuesday, September 2, 2025. The deposition shall occur no later than Monday, September 15, 2025. If there are any disagreements over the scope of the deposition notice, the parties must meet and confer by telephone or videoconference and make every effort to resolve the disagreement before involving the Court. If the Court's intervention is required, the parties must

use this judge's procedure for discovery disputes and attach a copy of the deposition notice to their joint statement.

**B.      The TechCare User Manual**

"TechCare" is a NaphCare software product used for electronic health recordkeeping and medical management. *See generally* Dkt. 63; Dkt. 54-18. Plaintiff argues that the TechCare User Manual is discoverable because it helps to guide nurses and other medical providers on how to use the TechCare system. Dkt. 54 at 6–7. Plaintiff further points out that NaphCare markets TechCare as not just a tool for documenting electronic health records, but also a way to guide medical providers in making treatment decisions. *Id.* at 7. For example, in its response to Clark County's RFP for jail medical services, NaphCare wrote:

- TechCare "not only maintains reliable, compliant documentation, but also tracks and organizes all healthcare encounters[,]" Dkt. 54-18 at 3;
- TechCare "was designed by correctional healthcare experts to track the healthcare activities of each inmate from intake through discharge, creating standardized treatment processes [and] reliable documentation[,]" *id.* at 4;
- "Protocols for care are programmed into TechCare and provide automated processes that guide nurses through a course of care." *Id.* at 6.

NaphCare's Health Care Policy & Procedure Manual for Clark County states that "[a] TechCare User Manual is available to all facilities for instruction on the use of TechCare system." Dkt. 54-20 at 3. Understanding how nurses use the TechCare system—and how they are taught to use it through the manual—is therefore relevant to understanding how that practice impacts treatment decisions, including the decisions at issue in this case. As Plaintiff also points out, one witness testified in her deposition that actions such as medication management and therapeutic meals (both at issue here) are tracked in TechCare. *See* Dkt. 54-19.

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 6

NaphCare disputes the relevance of the manual, arguing that "no matter what EHR [electronic health record] system is utilized, healthcare is practiced by individuals, not by software. The existence, or absence, of some prompt or question does not substitute for an individual's professional judgment." Dkt. 61 at 7. This is unpersuasive. NaphCare affirmatively markets itself to jails by citing the use of TechCare in making treatment decisions. The manual that helps train NaphCare's medical providers in how to use the TechCare system is within the scope of discovery under Rule 26.

Primarily, though, NaphCare argues that the TechCare User Manual should not be discoverable because it is a "trade secret." Dkt. 61 at 8–10. NaphCare argues that the manual is so confidential that it should not be produced even under a protective order that limits its use to this litigation. *Id.* at 9. NaphCare argues that "most commonly," the manual "is accessed at a website, restricted by username and password for eligible individuals." *Id.* at 7. But NaphCare acknowledged at the August 27, 2025 hearing that "eligible individuals" include all levels of medical staff at any facility where NaphCare provides services. NaphCare also acknowledges in its brief that TechCare is "independently marketed, and licensed, for the use of licensees in providing correctional healthcare services"—meaning that the user manual is also available to healthcare employees at all those facilities. *See* Dkt. 61 at 6.

"To obtain a protective order based upon a trade secret, the party seeking protection 'must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006) (quoting *Centurion Indus. Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981)). The widespread availability of the manual to employees at relatively low levels throughout NaphCare's facilities, as well as other facilities that license the TechCare software, undercuts the argument that the manual is a trade secret. *See Dynetix Design Solutions Inc. v. Synopsys Inc.*,

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 7

2012 WL 6586372, at *1 (N.D. Cal. Dec. 17, 2012) ("[B]rochures and user manuals are by definition distributed to potential and actual users, which without more suggests they are not trade secrets."). But even assuming that the user manual is a trade secret, "[i]f a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Philips ex rel. Estates of Byrd*, 307 F.3d at 1211. The trial court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Id.* at 1211 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

      NaphCare has not made the type of showing of specific harm that would justify a complete prohibition on discovery of the TechCare User Manual. The manual is distributed to end users at many levels throughout NaphCare's facilities and those of its licensees; it is not a closely guarded corporate secret. While there might be some harm from making the manual publicly available to NaphCare's competitors, that can be addressed by designating the document as confidential under the protective order already entered by this Court. Dkt. 24.

      Finally, NaphCare argues that there is a specific risk from production of the TechCare user manual in this litigation because Plaintiff's retained expert works for one of NaphCare's competitors, Quality Correctional Healthcare. Dkt. 61 at 8–9; *see* Dkt. 62-5 at 3–4. The Court agrees that this is a legitimate concern, but it can be addressed through a more tailored protective order rather than by prohibiting disclosure altogether. The Court therefore ORDERS that NaphCare produce the TechCare User Manual to Plaintiff's counsel no later than Wednesday, September 3, 2025. To the extent there are different versions of the manual, NaphCare must produce the version in use by Clark County at the time of Ritenburgh's incarceration. But the Court also ORDERS Plaintiff's counsel that they must not show, or otherwise disclose the contents of, the TechCare User Manual to their expert Dr. Johnny Bates without leave from the

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 8

Court. If Plaintiffs identify portions of the manual that they have good cause to share with Dr. Bates, they shall meet and confer with defense counsel. If the Court's intervention is necessary, they shall request a discovery conference with the Court and provide the relevant portions of the manual to the Court by email for *in camera* review.

C.      **Expenses under Rule 37(a)(5)**

When as here the Court grants a motion to compel in part and denies it in part, and enters its own protective orders under Rule 26(c), the Court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court finds that NaphCare necessitated this motion in large part by delaying compliance with earlier discovery orders. The Court also finds that NaphCare's argument that the TechCare User Manual should be protected from disclosure entirely was not substantially justified. Finally, as discussed with the parties at the hearing, the Court finds that NaphCare caused unnecessary time and effort to be spent in Plaintiff's reply brief by its decision to file Plaintiff's confidential medical records on the public docket, despite their inclusion as confidential material under the parties' stipulated protective order.

The Court therefore apportions expenses by ordering NaphCare to pay Plaintiff's reasonable expenses incurred, including attorney's fees, (1) in drafting her reply brief and the supporting materials, and (2) in attempting to meet and confer following NaphCare's response brief to remove public access to Plaintiff's medical records without court intervention. The parties shall attempt to agree on the reasonable amount of expenses incurred. If they can reach agreement, they may submit a stipulated, same-day motion with a proposed order. If they cannot reach agreement, Plaintiff may file a fee petition within fourteen days from the date of this Order.

The Court declines Plaintiff's request to allow the parties to conduct future meet and confer efforts by email. Counsel for Ms. Ritenburgh and for NaphCare are encouraged to treat each other with greater professional courtesy.

## IV.   CONCLUSION

For the reasons explained above, Plaintiff's Motion to Compel Discovery (Dkt. 54) is GRANTED in part and DENIED in part.

Dated this 27th day of August, 2025.

Tiffany M. Cartwright
United States District Judge