UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA RITENBURGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK COUNTY JAIL; CLARK COUNTY SHERIFF'S OFFICE; CLARK COUNTY; NAPHCARE INC.; JOHN AND JANE DOES 1-20,<br><br>　　　　　Defendant. | Case No. 3:24-cv-05185-TMC<br><br>ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS |

On September 25, 2025, the Court held oral argument to address Plaintiff's Motion for Sanctions Against Defendant NaphCare, Inc. for Improper Deposition Conduct (Dkt. 57). For the reasons stated on the record, the motion is GRANTED IN PART and DENIED IN PART. The Court ORDERS as follows:

1. Plaintiff's request to resume the depositions of Alyssa Clarke, Rebecca Villacorta, and Kimberly Beltran is GRANTED.

    a. As a sanction for impeding the fair examination of the deponents, the firm of Fox Ballard PLLC is ordered to pay the reasonable expenses (i.e., the cost of

the court reporter) and attorney's fees (for one attorney) incurred by Plaintiff in taking the reopened depositions of Alyssa Clarke and Rebecca Villacorta. Fed. R. Civ. P. 30(d)(2). The attorney's fees are for time spent actually taking (not preparing for) the depositions.

    b. Plaintiff will bear her own expenses and attorney's fees associated with resuming the deposition of Kimberly Beltran.

    c. The time for each deposition is limited to 7 hours total (including both the original and reopened deposition).

2. Plaintiff's request to note new depositions of NaphCare and Clark County under Federal Rule of Civil Procedure 30(b)(6) is DENIED.

3. Plaintiff's request to continue the discovery deadline to allow depositions of five remaining fact witnesses (Scott Moran, Matthew Paulus, Juliana Pfau, William Smith, and Jennifer Zupfer) and two expert witnesses (Dr. Chiang and Dr. Yakovlevitch) is GRANTED.

    a. No additional discovery may occur during this period absent leave of court. Any party may seek leave of court through Judge Cartwright's discovery dispute procedure. Any such request much specifically describe the additional discovery sought and why it could not have been completed within the original case schedule. All discovery disputes must be addressed through Judge Cartwright's chambers procedures. No other discovery motions will be allowed.

4. The parties are ORDERED to meet and confer and file a joint status report no later than October 2, 2025 proposing a new trial date and a schedule for the remaining case

ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS - 2

deadlines, beginning with the discovery cutoff. The existing trial date and deadlines are STRICKEN.

5. The parties must adopt a written protocol for conduct at remote depositions and file it with the court before any more depositions take place. The Court will provide counsel with a sample protocol via email.

6. Plaintiff's request for a curative jury instruction regarding deposition conduct is DENIED.

7. Plaintiff's request for the fees and expenses incurred in filing the motion for sanctions is DENIED.

It is so ORDERED.

Dated this 26th day of September, 2025.

Tiffany M. Cartwright
United States District Judge