UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA RITENBURGH,<br>Plaintiff,<br>v.<br>CLARK COUNTY JAIL; CLARK COUNTY SHERIFF'S OFFICE; CLARK COUNTY; NAPHCARE INC.; JOHN AND JANE DOES 1-20,<br>Defendants. | Case No. 3:24-cv-05185-TMC<br>ORDER ON MOTION FOR SANCTIONS |

## I. ORDER

On August 12, 2026, the Court held a hearing on Plaintiff Sandra Ritenburgh's motion for terminating sanctions against Defendant NaphCare, Inc. Dkt. 273. This written order memorializes the Court's oral rulings. For the reasons explained at the hearing, the Court ORDERS:

1. The motion for sanctions (Dkt. 273) is GRANTED IN PART and DENIED IN PART.
2. Plaintiff's request for terminating sanctions against NaphCare is DENIED.

3. Under Federal Rule of Civil Procedure 37(c)(1), at trial NaphCare may not rely on medical records it obtained from Lexitas that were not timely disclosed. This sanction does not apply to records that were duplicative of those produced by Plaintiff in discovery. Plaintiff will also be awarded the reasonable expenses, including attorney's fees, caused by the failure to produce these records.

4. Under Federal Rule of Civil Procedure 26(g)(3) and the Court's inherent powers, the Court imposes the following sanctions for NaphCare's failure to produce the audit trail:

   a. Plaintiff will be allowed to supplement the record and file a supplemental brief in response to NaphCare's pending summary judgment motion. This may include supplemental expert declarations. The Court will consider whether to allow limited additional discovery after receiving Plaintiff's proposal. To allow reasonable time for supplemental briefing, the Court STRIKES the trial date and all remaining pretrial deadlines.

   b. Plaintiff will be awarded the reasonable expenses, including attorney's fees, caused by the failure to produce this record. The award of expenses will be joint and several against NaphCare and the law firm of Fox Ballard.

   c. The Court STRIKES NaphCare's pending motion for judgment on the pleadings (Dkt. 108) but will decide the pending summary judgment motions on their merits after supplemental briefing.

5. No later than Wednesday, August 19, 2026, Plaintiff must propose a schedule for (1) reopened discovery related to the late disclosure of the audit trail, to the extent

it is sought; (2) supplemental briefing on NaphCare's pending motion for summary judgment (Dkt. 146); and (3) filing her fee petition for the awards of expenses discussed above. After receiving Plaintiff's proposal, the Court will hold a status conference to reset the trial date and remaining pretrial deadlines.

6. The Court declines to impose sanctions for the delayed disclosure of 185 pages of NaphCare medical records.

7. The Court encourages the parties to reengage with their mediator. If requested, the Court will appoint a Magistrate Judge to conduct a settlement conference.

8. The Court appreciates the professional courtesy demonstrated to each other by all counsel in the sanctions hearing and hopes that will set a new tone for this litigation going forward.

Dated this 12th day of August, 2026.

Tiffany M. Cartwright
United States District Judge