UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDRA RITENBURGH,

Plaintiff,

v.

CLARK COUNTY JAIL; CLARK COUNTY SHERIFF'S OFFICE; CLARK COUNTY; NAPHCARE INC.; JOHN AND JANE DOES 1-20,

Defendants.

Case No. 3:24-cv-05185-TMC

ORDER CONTINUING CASE SCHEDULE

## I. ORDER

Before the Court are the competing proposals of Plaintiff Sandra Ritenburgh (Dkt. 319) and Defendant NaphCare (Dkt. 321) for adjustments to the current schedule following the Court's order granting in part and denying in part Plaintiff's motion for sanctions (Dkt. 314). After reviewing the parties' submissions and hearing from them at a status conference held on August 24, 2026, the Court finds good cause for and ORDERS as follows:

1. No later than September 4, 2026, NaphCare shall provide a supplemental discovery production to Plaintiff that includes (a) re-production of the SureScripts

Output with a declaration establishing its production history; (b) a declaration from a TechCare records custodian addressing the scope of the export, the pre-booking record merge, the batch write, the Result field, and time-zone rendering; (c) a supplement under Rule 26(a)(2)(B)(ii) identifying by Bates number the materials provided to each retained expert; and (4) a description of the individuals identified in the audit trail who were not previously disclosed as witnesses and their role in Ms. Ritenburgh's medical treatment or management of her medical records.

2. NaphCare shall also check to ensure that all documents related to Ms. Ritenburgh referenced in the audit trail have been produced. If any additional documents are discovered, they shall be produced immediately but no later than September 4, 2026.

3. No later than September 25, 2026, Plaintiff may complete no more than three supplemental depositions, including: (1) one deposition of no more than 3 hours of NaphCare under Rule 30(b)(6) on the information documented in the audit trail; and (2) two depositions of no more than 3 hours each of fact witnesses of the Plaintiff's choice. NaphCare shall pay for the costs of the depositions.

4. No later than October 16, 2026, Plaintiff may file a supplemental brief in opposition to NaphCare's summary judgment motion of no more than 6,300 words. The brief may be supported by supplemental evidence and/or declarations, including expert declarations. NaphCare may file a supplemental reply brief of no more than 4,200 words within 7 days of Plaintiff's brief.

5. The Clerk shall re-note the pending motions for summary judgment at Dkt. 122 and Dkt. 146 for October 23, 2026.

6. The Clerk is directed to enter a new case scheduling order, beginning with the deadline for motions in limine, based on a new trial date of March 15, 2027.

7. Plaintiff's fee petition for the reasonable expenses, including attorney's fees, caused by NaphCare's discovery violations may be filed at any time, but no later than January 29, 2027. *See* Dkt. 314 ¶¶ 3, 4.b. It shall be noted as a 21-day motion and subject to the corresponding word limits.

Dated this 24th day of August, 2026.

Tiffany M. Cartwright
United States District Judge